UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KEVIN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00190-JRG-DCP |
| | ) | |
| DOCTOR MATTHEWS, MELISSA HEAD, and SARAH BAKER, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claims that (1) Defendants denied him shoes that he needed due to a medical condition, and (2) Defendant Nurse Head denied Plaintiff the medical shoes in retaliation for Plaintiff filing grievances against her [Doc. 4 at 4–6]. Now before the Court is Defendants' motion for summary judgment [Doc. 25], in support of which they filed an affidavit from Defendant Dr. Matthews and Plaintiff's medical records [Doc. 25-1], as well as a memorandum [Doc. 26]. Plaintiff has not filed a response to this motion, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. For the reasons set forth below, Defendants' motion for summary judgment [Doc. 25] will be **GRANTED**, and this action will be **DISMISSED**.

### I. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the

burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. ANALYSIS

As set forth above, this action is proceeding only as to Plaintiff's claims that (1) Defendants denied him shoes that he needed for a medical condition in violation of the Eighth Amendment,[1] and (2) Defendant Nurse Head denied Plaintiff these medical shoes in retaliation for him filing grievances. The Eighth Amendment requires prison authorities to provide medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 102, 103–04 (1976). A prison official violates the Eighth Amendment by acting in a manner that is deliberately indifferent to a prisoner's serious medical needs. *Id*. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Also, to establish a retaliation claim, Plaintiff must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between

---

[1] It is apparent from his complaint that Plaintiff did not intend to assert a claim for violation of his due process rights based on his allegation that Defendants deprived him of the medical shoes. Specifically, Plaintiff does not allege that Defendants denied him these shoes pursuant to an unconstitutional process for which any Defendant was responsible, but instead challenges Defendants' individual decisions not to provide him with the shoes [Doc. 2 at 4].

elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

In support of their motion for summary judgment, Defendants have set forth proof that they did not provide Plaintiff with the medical shoes after Defendant Dr. Matthews measured Plaintiff's feet on December 2, 2018, which was approximately a week after Plaintiff entered the jail, and on April 29, 2019, as Defendant Dr. Matthews did not believe the shoes were medically necessary for Plaintiff based on those measurements [Doc. 25-1 at 2]. Defendants have also set forth proof that Plaintiff received the medical shoes two days after Defendant Dr. Matthews remeasured Plaintiff's feet on August 5, 2019, as Defendant Dr. Matthews determined that Plaintiff needed them at that time [*Id.* at 3].

Notably, the allegations of Plaintiff's complaint in support of his claims proceeding herein [Doc. 2 at 4] do not directly contradict Defendants' proof that they did not provide Plaintiff with the medical shoes due to Defendant Dr. Matthews' medical judgment that Plaintiff did not need them. Moreover, even if the Court could liberally construe the allegations of Plaintiff's complaint to allege that Defendants did not provide him with the medical shoes due to deliberate indifference and/or Plaintiff's act of filing grievances, rather than Defendant Dr. Matthews' medical judgment, this filing is unsworn and the Court cannot consider it for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on a motion for summary judgment). Further, Plaintiff has not responded to Defendants' summary judgment motion or otherwise set forth any proof from which a jury could reasonably find that Defendants did not provide him the medical shoes due to deliberate indifference or his protected conduct.

3

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Accordingly, Defendants are entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 25] will be **GRANTED** and this action will be **DISMISSED with prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE